IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2233-D

| | | |
|---|---|---|
| ZAREK MATTOCKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES,[1] | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Zarek Mattocks ("Mattocks" or "petitioner"), a state pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1, 7]. Mattocks paid the filing fee. The court conducts a preliminary review under 28 U.S.C. § 2243 and dismisses without prejudice Mattocks's section 2241 petition.

Mattocks challenges his "excessive high bond" in state court and asserts that he "was never brought before a magistrate or judge" and a "non-judicial official signed [his] conditions of release . . . which is illegal." [D.E. 7] 7. Mattocks also contends he is "[b]eing held in a 'state prison' without any-type [sic] of 'prison sentence' being imposed." Id. at 2. Mattocks is being held at Bertie Correctional Institution under the following pending state criminal charges: assault with a deadly weapon on government, campus, or company officer/employee; felony escape from local

---

[1] Mattocks did not name a respondent, and the clerk entered the State of North Carolina as respondent. See Pet. [D.E. 1] at 1. Mattocks must name the state officer having custody over him as respondent. See Rule 2 of the Rules Governing Section 2254 Cases. Thus, the court substitutes Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction. See N.C. Gen. Stat. § 148-4; see, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

jail; attempted first degree murder; malicious assault in secret; felony conspiracy; assault with a deadly weapon with the intent to kill; criminal gang enhancement; and possession of a firearm by a felon. See State v. Mattocks, Case Nos. 25CR384088-530, 24CR429377-530, 24CR429679-530 (Lenoir Co. Super. Ct.), available at N.C. eCourts Portal, https://portal-nc.tylertech.cloud/Portal (click on "Smart Search," then search by name). Mattocks requests that his criminal charges "be dropped." [D.E. 7] 2.

Under 28 U.S.C § 2241, "federal district courts are granted broad authority, within their respective jurisdictions, to hear applications for writs of habeas corpus filed by persons claiming to be held in custody in violation of the Constitution or laws or treaties of the United States." Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (cleaned up). To obtain relief, Mattocks must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam).

Circuit "courts who have considered the issue have unanimously concluded that [section] 2241 is not the proper vehicle to challenge detention pending trial." Nettles v. Ingham Cnty. Jail, No. 22-1067, 2022 WL 18586817, at *1 (6th Cir. Aug. 8, 2022) (unpublished) (cleaned up) (collecting cases). Additionally, Mattocks has no constitutional right to release on bail and does not have a liberty interest in a place of confinement. See, e.g., United States v. Salerno, 481 U.S. 739, 746–55 (1987); Meachum v. Fano, 427 U.S. 215, 225 (1976); Jenkins v. Harvey, 634 F.2d 130, 132 (4th Cir. 1980); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695–96 (D.S.C. 2006); United States v. Sine, 461 F. Supp. 565, 568 (D.S.C. 1978). Mattocks fails to plausibly allege that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, Mattocks fails to state a claim.

To the extent Mattocks seeks to raise any other claim related to his pretrial detention, a federal pretrial detainee must first exhaust other available remedies. See Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); see also Riggins v. United States, 199 U.S. 547, 550–51 (1905); Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001).

After reviewing the claims presented in the habeas petition under the applicable standards, the court determines that reasonable jurists would not find the court's treatment of Mattocks's claims debatable or wrong and that the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES WITHOUT PREJUDICE petitioner's section 2241 petition [D.E. 1, 7] for failure to state a claim and DENIES a certificate of appealability. The clerk SHALL close the case.

SO ORDERED. This 17 day of May, 2026.

JAMES C. DEVER III
United States District Judge

Case 5:25-hc-02233-D-RJ    Document 12    Filed 05/27/26    Page 3 of 3